## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 21, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BETH DALEY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0866** (BOR Appeal No. 2048159)
                        (Claim No. 2012014076)

**PROCAREERS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Beth Daley, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. ProCareers, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 26, 2013, in which the Board affirmed a January 29, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 14, 2011, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Daley worked as a homemaker for ProCareers, Inc. On December 28, 2010, Ms. Daley injured her lower back while assisting a client. The claims administrator held the claim compensable. Ms. Daley then came under the care of Robert Lowe, M.D., who diagnosed her with a lumbar sprain. Ms. Daley was treated with physical therapy, and following this treatment, Dr. Lowe determined that she could return to light duty work. Dr. Lowe found that she should be restricted from lifting over twenty-five pounds and pushing or pulling over fifteen pounds. Dr. Lowe then issued a second letter on June 22, 2011, in which he stated that Ms. Daley did not

need any additional physical therapy. Dr. Lowe again stated that Ms. Daley could return to work. Dr. Lowe also determined that Ms. Daley had 5% whole person impairment related to her lumbar sprain. On July 14, 2011, the claims administrator closed the claim for temporary total disability benefits based on Dr. Lowe's June 22, 2011, opinion. The claims administrator's decision stated that Ms. Daley was offered light duty work that accommodated her restrictions, but she had refused suitable employment offers. Following the decision, Teresa Jones, the service coordinator for ProCareers, Inc., stated in an affidavit that she had contacted Ms. Daley on three separate occasions about light duty employment opportunities. Ms. Jones stated that Ms. Daley declined these job opportunities. On January 29, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on July 26, 2013, leading Ms. Daley to appeal.

The Office of Judges concluded that Ms. Daley had reached her maximum degree of medical improvement and was not entitled to any additional temporary total disability benefits. In reaching this determination, the Office of Judges relied on the fact that Dr. Lowe had released Ms. Daley to return to light duty work. The Office of Judges also found that Dr. Lowe's impairment recommendation indicated that he believed she had reached her maximum degree of medical improvement. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. Ms. Daley has not presented any evidence that she continues to be temporarily and totally disabled such that she is entitled to additional temporary total disability benefits. It was disputed as to whether ProCareers, Inc., offered Ms. Daley employment which was consistent with her work restrictions. Nevertheless, the records and letter of Dr. Lowe, Ms. Daley's treating physician, demonstrate that she had reached her maximum degree of medical improvement with respect to her compensable lumbar sprain. Dr. Lowe's opinion further shows that Ms. Daley was capable of returning to work. Ms. Daley has not presented any evidence undermining Dr. Lowe's credibility or challenging his findings. The Office of Judges was within its discretion in relying on his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 21, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II